UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NEKISHA SHERREL ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) Civil Action No. 2:23-cv-516 | |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC, | ) | |
| | ) Complaint and Demand for | |
| Defendant. | ) Jury Trial | |
| | ) | |
| | ) | |

RECEIVED 2023 SEP 1 A 11: 30
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff NEKISHA SHERREL ROBINSON as and for her Complaint respectfully alleges as follows:

### I. INTRODUCTION

1. This is a civil action by Plaintiff, an individual consumer, seeking actual, statutory, and punitive money damages against Defendant EQUIFAX INFORMATION SERVICES, LLC, ("Equifax") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendant transacts business in the city

1

of Millbrook, Autauga County, Alabama, and the conduct complained of occurred in Millbrook, Alabama.

### III. PARTIES

3. Plaintiff is a natural person residing in Millbrook, Alabama.

4. Plaintiff is a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681a, (b) and (c).

5. Upon information and belief, Defendant Equifax is a Georgia corporation duly authorized and qualified to do business in the State of Alabama.

### IV. FACTS OF THE COMPLAINT

6. On May 2, 2023, Plaintiff obtained a copy of her consumer report and discovered incomplete, inaccurate and false information on Account Number 404000********** with Credit Central, 100000********** with Guardian Credit Union, 31787**** with Midland Credit Management, 1530456WRS with Chapter 7 Bankruptcy, 45826**** with GM Financial and ******** with Service Loan Prattvi.

7. On May 8, 2023, Plaintiff contacted Equifax via certified mail to dispute the completeness and accuracy of the trade lines reported on her consumer report. Plaintiff informed Equifax that the trade line was inaccurate and should therefore be deleted from her consumer report.

8. Below is the inaccurate information on Plaintiff's consumer report:

(a) 404000********** with Credit Central - a date of last payment of October 2017 was reported but in the Payment History a 30 days past due was reported in October 2017.

(b)     100000********** with Guardian Credit Union - a date of first delinquency of December 2016 was reported but in the Payment History it was reported as no data available. Additionally, the previous months before the reported date of first delinquency of December 2016 were not reported as paid on time but rather reported as no data available.

(c)     1787**** with Midland Credit Management - a date of first delinquency of May 2019 was reported but there's no Payment History reported to support such claim.

(d)     45826**** with GM Financial - a date of first delinquency of March 2019 was reported but in the Payment History the month of March 2019 was reported no data available. Additionally, the date of first delinquency shown in the Payment History was October 2016. Furthermore, a date of last payment of March 2020 was reported but in the Payment History the month of March 2020 was reported as Charge Off and the previous months were not reported paid on time but rather reported as Charge Offs or Past Due.

(e)     ******** with Service Loan Prattvi - a high credit of $712 was reported but the balance was $766 which is higher than the high credit. Furthermore, a date of last payment of November 2017 was reported but in the Payment History the month of November 2017 was reported no data available.

9.      On August 22, 2023, Plaintiff applied for a Discover credit card and was denied based on information being reported by Equifax.

10.     Upon information and belief, Plaintiff was informed via the reinvestigation results that the accounts were verified and accurate on July 22, 2023.

11. Despite Plaintiff's dispute to Equifax informing them of the inaccuracies, Defendant Equifax continued to report the tradelines from approximately May 2023 through August 2023.

12. Defendant Equifax's publishing of such inaccurate information has severely damaged the personal and credit reputation of Plaintiff causing her FICO scores to be lowered resulting in her being denied credit and has caused severe humiliation, emotional distress, and mental anguish.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681i(a)(1)(A)
## (Defendant Equifax)

13. Plaintiff re-alleges and incorporates by reference paragraphs 1-12 above.

14. Defendant has violated 15 U.S.C. § 1681i(a)(1)(A) in that they failed to conduct a reasonable reinvestigation on the trade line items that are furnished to the Consumer Reporting Agencies.

15. Defendant caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

16. Defendant's conduct was negligent and/or willful.

17. Plaintiff is entitled to actual damages and punitive damages for Defendant's willful acts pursuant to 15 U.S.C. § 1681n.

18. Alternatively, Plaintiff is entitled to actual damages if Defendant's violations are negligent, pursuant to 15 U.S.C. §1681o.

## VI. SECOND CLAIM FOR RELIEF

4

## 15 U.S.C. § 1681e(b)
### (Defendant Equifax)

19. Plaintiff re-alleges and incorporates by reference paragraphs 1-18 above.

20. Defendant Equifax violated 15 U.S.C. § 1681e(b) because they failed to follow reasonable procedures to assure maximum possible accuracy of the trade line information when preparing a consumer report purportedly concerning Plaintiff.

21. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

22. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

23. Defendant Equifax is liable to Plaintiff for actual damages and punitive damages pursuant to 15 U.S.C. §1681n and actual damages pursuant to 15 U.S.C. §1681o.

## VII. THIRD CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(2)
### (Defendant Equifax)

24. Plaintiff re-alleges and incorporates by reference paragraphs 1-23 above.

25. Defendant Equifax has failed to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

26. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(2) in that they failed to consider and forward all relevant information to the furnisher of information.

27. Defendant Equifax has caused injury in fact, by causing, among other effects, mental and emotional distress, damage to credit reputation, and resulting in credit damages to Plaintiff.

28. Defendant Equifax has done so either negligently or willfully.

29. Plaintiff is entitled to actual damages and punitive damages pursuant 15 U.S.C. § 1681o.

30. Alternatively, Plaintiff is entitled to actual damages if the violation is negligent, pursuant to 15 U.S.C. §1681n.

## VIII. FOURTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(a)(4)
### (Defendant Equifax)

31. Plaintiff re-alleges and incorporates by reference paragraphs 1-30 above.

32. Defendant Equifax has violated 15 U.S.C. §1681i(a)(4) in that they failed to delete information that was inaccurate or could not be verified.

33. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

34. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

35. Defendant Equifax is liable to Plaintiff for actual damages and punitive damages pursuant to 15 U.S.C. §1681n and actual damages pursuant to 15 U.S.C. §1681o.

## IX. FIFTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(5)
## (Defendant Equifax)

36. Plaintiff re-alleges and incorporates by reference paragraphs 1-35 above.

37. Defendant Equifax violated 15 U.S.C. §1681i(a)(5) because they (i) failed to reinvestigate the tradeline on Plaintiff's consumer report, and (ii) failed to find it to be inaccurate.

38. Defendant Equifax violated 15 U.S.C. §1681i(a)(5) in that they failed to have a procedure to prevent the recurrence of inaccurate or unverifiable information.

39. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and other damages to Plaintiff.

40. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

41. Defendant Equifax is liable to Plaintiff for actual damages and punitive damages pursuant to 15 U.S.C. §1681n and actual damages pursuant to 15 U.S.C. §1681o.

## X. SIXTH CLAIM FOR RELIEF
## 15 U.S.C. §1681i(a)(6)(B)(iii)
## (Defendant Equifax)

42. Plaintiff re-alleges and incorporates by reference paragraphs 1-41 above.

43. Defendant Equifax has violated 15 U.S.C. § 1681i(a)(6)(B)(iii) in that they failed to have a procedure to prevent giving false information upon re-investigation.

44. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

45. At all times alleged herein, Defendant Equifax acted negligently and/or willfully.

46. Defendant Equifax is liable to Plaintiff for actual damages and punitive damages pursuant to 15 U.S.C. §1681n and actual damages pursuant to 15 U.S.C. §1681o.

### XI. SEVENTH CLAIM FOR RELIEF
### 15 U.S.C. §1681i(7)
### (Defendant Equifax)

47. Plaintiff re-alleges, and incorporates by reference, paragraphs 1-46 above.

48. Defendant Equifax has violated 15 U.S.C. §1681i(7) in that they failed to provide a written description of the procedures used to determine the accuracy and completeness of the disputed information.

49. Defendant Equifax has caused injury in fact to Plaintiff by causing mental and emotional distress, damage to credit rating, and resulting in credit damages to Plaintiff.

50. Defendant Equifax acted negligently and/or willfully.

51. Defendant is liable to Plaintiff for actual damages and punitive damages pursuant to 15 U.S.C. §1681n and actual damages pursuant to 15 U.S.C. §1681o.

### XII. JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests a jury trial and entry of judgment in favor of Plaintiff and against Defendant for:

A. Actual or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A).

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1).

C. Demand amount of $9,500.00.

D. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: August 25, 2023

By: _____
NEKISHA SHERREL ROBINSON
265 Cotton Blossom Rd,
Millbrook, AL 36054-1516
(334) 922-8632
maninofashions52@outlook.com
*Pro se*






**UNITED STATES POSTAL SERVICE**

Retail

**US POSTAGE PAID**
$9.65
Origin: 90025
08/29/23
0545730025-17

**PRIORITY MAIL®**

0 Lb 3.40 Oz
RDC 01

EXPECTED DELIVERY DAY: 08/31/23

C039

SHIP TO:
1 CHURCH ST
MONTGOMERY AL 36104-4018

USPS TRACKING® #

9505 5162 1510 3241 0611 40

EP14F May 2020
OD: 12 1/2 x 9 1/2

USPS.COM/PICKUP

PS00001000014

PRESS FIRMLY TO SEAL

UNITED STATES POSTAL SERVICE

Expected delivery date spe...
Most domestic shipments i...
USPS Tracking® included fo...
Limited international insura...
When used internationally, ...
Insurance does not cover certain ite...
Domestic Mail Manual at http://pe.u...
See International Mail Manual at h...

FLAT RATE E...
ONE RATE ■ ANY WEIGH...

TRACKED ■ INSURED

**PRIORITY MAIL**
**FLAT RATE ENVELOPE**
**POSTAGE REQUIRED**

PRESS FIRMLY TO SEAL

**PRIORITY ★ MAIL ★**

UNITED STATES POSTAL SERVICE®
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM:

Nekisha Robinson
265 Cotton Blossom Rd.
Milbrook, AL 36054

TO:

Frank M. Johnson Jr. U.S. Courthouse Complex
Office of the Clerk of Court
One Church Street, Suite B-110
Montgomery, AL 36104

Label 228, March 2016        FOR DOMESTIC AND INTERNATIONAL USE